# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PAIGE WINTER,**

        **Plaintiff,**

v.                                                          **Case No. 06-C-253**

**HARTFORD LIFE & ACCIDENT INSURANCE CO.,
and GROUP LONG TERM DISABILITY PLAN FOR
EMPLOYERS OF DONALDSON COMPANY, INC.,**

        **Defendants.**

## DECISION AND ORDER

The plaintiff, Paige Winter ("Winter"), filed a complaint on March 2, 2006, against Hartford Life & Accident Insurance Company ("Hartford") and the Group Long Term Disability Plan for Employers of Donaldson Company, Inc. (the "Plan"). While the Court received a proof of service indicating that Winter had timely served Hartford, the Court did not receive a proof of service showing that Winter had served the Plan. Pursuant to Federal Rule of Civil Procedure 4(m), Winter had until June 30, 2006, to serve the Plan, but that day came and passed without any word from Winter as to why a proof of service had not been submitted to the Court.

On July 21, 2006, therefore, the Court sent Winter a letter advising her to submit a proof of service showing that service was effected on the Plan within the time frame prescribed by Rule 4(m), or that there was good cause why service was not made or was not

timely. Four days later, on July 25, 2006, Winters served the Plan and filed a proof of service. Despite serving the Plan nearly one month late, Winters did not explain to the Court why she had good cause for the delay. Accordingly, the Court dismissed her action against the Plan on August 14, 2006.

Two days later, on August 16, 2006, Winter filed a "Motion to Vacate Dismissal and Reinstate the Case." Winter also requested a hearing. In support of her motion, she finally explained why there was a delay in serving the Plan, alleging that the Plan initially refused service.

The Court did not err in dismissing the action on August 14, 2006. Rule 4(m) provides that the Court "shall dismiss the action without prejudice" when service is untimely filed, unless the plaintiff shows good cause for the delay. When the Court made its decision, Winter had not provided any reason whatsoever for why service was effected after the time prescribed by Rule 4(m).

Only after the Court dismissed Winter's case did she come forward with reasons for the delay. She provides her reasons in her "Motion to Vacate Dismissal and Reinstate the Case," but nowhere in her motion does set forth the rule pursuant to which her motion is made. *See* Civil Local Rule 7.1(a) ("Every motion must set forth the rule pursuant to which it is made . . .").

Despite the procedural deficiencies of Winter's suit against the Plan thus far, the Court will reinstate the action. The Court finds that the reasons provided by Winter, while

2

submitted late, were good cause for the delay in effecting service of process. However, the Court directs Winter to follow the Federal Rules of Civil Procedure and the Civil Local Rules in her future filings before this Court. The Court may not exercise its discretion in her favor if such errors occur again in this litigation.

The Plan shall have until December 1, 2006, to file an answer or another responsive pleading.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

Winter's Motion to Vacate Dismissal and Reinstate the Case (Docket No. 18) is **GRANTED**. The Court's Order Dismissing the Action against the Group Long Term Disability Plan for Employers of Donaldson Company, Inc., (Docket No. 17) is **VACATED**. The Plan shall have until **December 1, 2006**, to file an answer or another responsive pleading.

Dated at Milwaukee, Wisconsin, this 20th day of October, 2006.

**BY THE COURT:**

s/Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**