# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PAIGE M. WINTER,**

          Plaintiff,

    -vs-                                             **Case No. 06-C-253**

**HARTFORD LIFE & ACCIDENT**
**INSURANCE COMPANY and**
**GROUP LONG TERM DISABILITY**
**PLAN FOR EMPLOYEES OF**
**DONALDSON COMPANY, INC.,**

          Defendant.

## DECISION AND ORDER

On July 1, 2008, the Court granted Hartford Life & Accident Insurance Company's ("Hartford") motion for summary judgment on Paige Winter's ("Winter") claim for long term disability benefits under an ERISA plan. The Court held that the denial of benefits was not arbitrary and capricious. *See Tegtmeier v. Midwest Operating Eng. Pension Trust Fund*, 390 F.3d 1040, 1045 (7th Cir. 2004) (where Plan grants administrator discretionary authority, arbitrary and capricious standard applies, meaning that the decision will be overturned only if it is downright unreasonable). Now before the Court is Winter's motion to alter or amend judgment. *See* Fed. R. Civ. P. 59(e). Such a motion should be granted only if the movant demonstrates a manifest error of law or presents newly discovered evidence. *See Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008).

Winter argues that the Supreme Court's recent decision in *Metropolitan Life Ins. Co. v. Glenn*, — U.S. —, 128 S. Ct. 2343 (2008), requires that the Court apply a different, more searching standard of review.[1] In *Glenn*, the Supreme Court held that when the entity that administers an employee benefit plan both determines whether an employee is eligible for benefits and pays benefits out of its own pocket, this "dual role creates a conflict of interest." *See Glenn* at 2346 (citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989)). Courts "should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits. . . . [T]he significance of the factor will depend upon the circumstances of the particular case." *Id.*[2]

The Supreme Court in *Glenn* explicitly refused to adopt a rule that "in practice could bring about near universal review by judges *de novo – i.e.*, without deference – of the lion's share of ERISA plan claims denials." *Id.* at 2350. In other words, *Glenn* does not require a more searching inquiry simply because this implied conflict exists. *See, e.g., Wakkinen v. UNUM Life Ins. Co. Of America*, 531 F.3d 575, 581 (8th Cir. 2008) ("the existence of a conflict did not lead the Court [in *Glenn*] to announce a change in the standard of review"). The conflict is only to be "weighed as a factor in determining whether there is an abuse of discretion." *Glenn* at 2350.

To the extent that *Glenn* altered the landscape, it does not alter the outcome of the instant case. In its summary judgment ruling, the Court found that Hartford's denial of benefits was not

---

[1] The Supreme Court's opinion in *Glenn* was issued on June 19, 2008, just before the Court granted summary judgment against Winter.

[2] The parties presume that Hartford occupies this "dual role," and the evidence suggests that this is true. *See, e.g.,* D. 34, Plaintiff's Proposed Findings of Fact, ¶13 ("Hartford approved Winter's claim for long-term disability under the "own occupation" definition of disability on March 7, 2003, and began paying her benefits . . .")

-2-

arbitrary or capricious because there was clear evidence in the record indicating that Winter was able to perform her job as a human resources manager. *See, e.g., Tegtmeier*, 390 F.3d at 1045 ("If the administrator made an informed judgment and articulates an explanation for it that is satisfactory in light of the relevant facts, then that decision is final"). Winter rehashes many of her summary judgment arguments, including her contention that Hartford failed to give proper consideration to her award of social security disability benefits. The Court held that this was not "downright unreasonable" because the Plan did not include SSA disability as a condition for Plan disability. Therefore, Hartford considered other evidence that was not acknowledged by SSA in making its own benefits determination. *See* D. 55, Decision and Order at 12. Considering the totality of evidence in this case, there is not enough to suggest a "higher likelihood [that the conflict of interest] affected the benefits decision." *Glenn* at 2351; *see also Gutta v. Standard Select Trust Ins. Plans*, 285 Fed. Appx. 302 (7th Cir. 2008) ("[e]ven adding Standard's conflict of interest into the balance, we continue to be convinced that there was no abuse of discretion in the decision to deny Gutta's benefits").

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** Winter's motion to alter or amend judgment [D. 57] is **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of January, 2009.

**SO ORDERED,**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**Chief Judge**